IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

UNITED STATES OF AMERICA,

v.                                                    CRIMINAL ACTION NO. 4:11cr112

KEITH BRENT DUNCAN,

Defendant.

## *MEMORANDUM OPINION AND ORDER*

Before the Court is Defendant Keith Brent Duncan's Motion to Dismiss Based on

Defendant's Right to a Speedy Trial. Defendant filed his motion on October 9, 2013, and the

Government filed its Response on October 21, 2013. For the reasons stated below, Defendant's

Motion to Dismiss is **DENIED**.

## I. PROCEDURAL AND FACTUAL BACKGROUND

On December 13, 2011, an Eastern District of Virginia Grand Jury filed a Criminal

Indictment against Defendant, charging him with Unlawful Possession of a Firearm, in violation

of 18 U.S.C. § 922(g)(8). Defendant was arrested on February 22, 2012, and has been the

custody of the United States since that date. On March 9, 2012, Defendant initially appeared

before a United States Magistrate Judge. On March 15, 2012, Defendant appeared for

arraignment, but a Magistrate Judge granted Defendant's motion for a mental evaluation and

noted that arraignment would be set after the evaluation was received. On March 19, 2012, the

Magistrate Judge ordered that the Defendant undergo examination to determine whether he may

be suffering from a mental disease or defect under Rule 12.2 of the Federal Rules of Criminal

Procedure and Title 18, United States Code, Sections 4241 (a) and (b).

On June 11, 2012, the Court held a hearing on Defendant's criminal responsibility and

competency to stand trial, during which Defendant testified. The Court found that Defendant is

suffering from a mental disease or defect that renders him unable to understand the nature and

consequences of the proceedings against him or to properly assist in his defense. As such, the

Court committed the Defendant to the custody of the Attorney General of the United States for a

psychological or psychiatric evaluation and determination of the probability of future mental

competency. On September 17, 2012, the staff at the Federal Medical Center in Butner, North

Carolina ("Butner") diagnosed Defendant with Schizoaffective Disorder, Bipolar Type. On

October 26, 2012, the Government filed its motion to forcibly medicate the Defendant in order to

restore his mental competency to stand trial. On November 6, 2012, Defendant filed his Reply to

that Motion. On December 17, 2012, Butner filed a treatment plan for Defendant and reaffirmed

its belief that involuntary medical treatment is necessary.

On February 4, 2013, the Court held a hearing to consider the Government's Motion.

Prior to the hearing, Defendant, through counsel, informed the Court and the Government that he

wished to voluntarily submit to medical treatment so that he could be returned to competency

and stand trial. The Court issued an order on February 7, 2013 directing that Defendant be

returned to Butner for treatment for not more than four months in accordance with his own

wishes. However, the Court warned that if the Defendant failed to comply with his treatment

plan, the Court would schedule a hearing on the Government's motion. Upon returning to

Butner, the Defendant failed to comply with the course of treatment and the Court held a hearing

on May 21, 2013. On July 22, 2013, the Court entered an Order denying the Government's

2

motion. In that Order, the Court ordered the Defendant to remain in the custody of the Bureau of Prisons and directed the parties to submit motions relevant to the further disposition of the case in light of Defendant's lack of competence to stand trial within forty-five days.

On August 15, 2013, Defendant filed a Motion to Dismiss the Indictment based on his lack of competency to stand trial. On October 11, 2013, the Court denied the Motion. On the same day, the Court ordered the Defendant committed to the custody of the Attorney General pursuant to 18 U.S.C. § 4246(a) and (b) to determine whether the Defendant's "release would create a substantial risk of bodily injury to another person or serious damage to property of another." On October 9, 2013, Defendant filed the instant Motion to Dismiss.

## II. DISCUSSION

Although Defendant states that he is relying on both his constitutional and statutory Speedy Trial rights, Mot. to Dismiss 2, Defendant's memorandum only discusses the statutory requirements and legal framework. It does not reference the Sixth Amendment or any of the relevant case law. Accordingly, the Court will address only Defendant's statutory Speedy Trial rights under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*

Defendant relies upon § 3161(c)(1) of the Act, which provides:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1). Defendant, however, has yet to be arraigned, because as noted above, when he appeared for arraignment he requested a mental evaluation. This provision, therefore, does not apply at all, as this is not a "case in which a plea of not guilty is entered" because

3

Defendant has yet to make a plea. In *United States v. Tootle*, 65 F.3d 381 (4th Cir. 1995), the court held that Speedy Trial protections had not been triggered for a Defendant who was scheduled to be arraigned at the same time that he was to enter a plea of guilty or go to trial. Before that could occur, however, the district court granted Defendant's motion to dismiss based on § 3161(c)(1). The Fourth Circuit reversed, holding that "unless a defendant has entered a plea of not guilty, the provisions of that section have not been triggered." Other circuits have held the same. *See, e.g.*, *United States v. Tinklenberg*, 579 F.3d 589, 594 (6th Cir. 2009), *aff'd on other grounds*, 131 S. Ct. 2007 (2011) ("[T]he Speedy Trial Act applies only to cases in which the defendant has entered a not guilty plea."); *United States v. O'Dell*, 154 F.3d 358, 360 (6th Cir. 1998) ("The plain meaning of the language of the [Act] requires a not guilty plea to begin the clock running," a requirement whose purpose "is to conserve judicial resources by avoiding unnecessary trial scheduling in cases where it is more likely that the defendant will plead guilty or nolo contendere.").

## IV. CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss is **DENIED**.

The Clerk is **DIRECTED** to send a copy of this Order to counsel for the Defendant, the United States Attorney, and Federal Bureau of Prisons.

**IT IS SO ORDERED.**

Raymond A. Jackson
United States District Judge

Norfolk, Virginia
November , 2013

4